IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CESAR DE LEON TORRES; ) <br> ALMA ROSA HERNANDEZ SANTOS a/k/a ) <br> ALMA ROSA HERNANDEZ SANTOS ) <br> TORRES; ) <br> OMAR DE LEON TORRES; ) <br> VARENISS SALAS CASAS; ) <br> FIRST FRANKLIN, A DIVISION OF ) <br> NATIONAL CITY BANK OF INDIANA; ) <br> EQUICREDIT CORP.; and ) <br> HARRIS COUNTY TAX ) <br> ASSESSOR-COLLECTOR, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 4:19-cv-01200 |

**COMPLAINT**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action (1) to reduce to judgment unpaid federal tax liabilities owed by Cesar De Leon Torres and Alma Rosa Hernandez Santos a/k/a Alma Rosa Hernandez Santos Torres and (2) to enforce the associated federal tax liens against certain real property, which they transferred to Omar De Leon Torres and Vereniss Salas Casas after the Internal Revenue Service recorded its Notices of Federal Tax Liens for the unpaid federal tax liabilities. For its Complaint, the United States alleges as follows:

-1-

**JURISDICTION, VENUE, AND PARTIES**

1.Jurisdiction is conferred upon this District Court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the real property is located in this judicial district.

3.Plaintiff is the United States of America.

4.Defendant, Cesar De Leon Torres ("Taxpayer, Cesar Torres"), a taxpayer in this action, is believed to be residing in the country of Mexico.

5.Defendant, Alma Rosa Hernandez Santos a/k/a Alma Rosa Hernandez Santos Torres ("Taxpayer Santos"), a taxpayer in this action, resides in Harris County, Texas, within the jurisdiction of this Court.   Taxpayer Santos may be served at 159 Mill Stream, Houston, Texas 77060.

6.Defendant, Omar De Leon Torres ("Defendant, Omar Torres") is joined as a party as required by 26 U.S.C. § 7403(b) because the property upon which the United States seeks to enforce its liens (702 Majorca Drive, Houston, Texas 77076) is titled in his and Defendant, Vereniss Salas Casas' names. Defendant, Omar Torres may be served at 8602 Rockhill Street, Houston, Texas 77061.

7.Defendant, Vereniss Salas Casas ("Defendant Casas") is joined as a party as required by 26 U.S.C. § 7403(b) because the property upon which the United States seeks to enforce its liens (702 Majorca Drive, Houston, Texas 77076) is titled in her and Defendant, Omar Torres' names.   Defendant Casas may be served at 8602 Rockhill Street, Houston, Texas 77061.

8. Defendant, First Franklin, a Division of National City Bank of Indiana, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.   First Franklin, a Division of National City Bank of Indiana, may be served by serving its Trustee, Matthew Haddock, at 210 West 6th Street, Suite 1206, Fort Worth, Texas 76102.

9. Defendant, EquiCredit Corp. is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.   EquiCredit Corp. may be served at 1225 North Loop West, Suite 316, Houston, Texas 77008-1757.

10. Defendant, Harris County Tax Assessor-Collector is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an ad valorem tax lien interest in the property upon which the United States seeks to enforce its liens.   Defendant, Harris County Tax Assessor-Collector may be served at 1001 Preston Street, Houston, Texas 77002.

## THE SUBJECT PROPERTY

11. The title of the real property upon which the United States seeks to enforce its federal tax liens is currently held in the names of Defendant, Omar Torres and Defendant Casas, and consists of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 702 Majorca Drive, Houston, Texas 77076 (the "Real Property"). The legal description of the Real Property is as follows:

> Lot Nine Hundred Thirty-Eight (938), in Block Fifty-Two (52), of Hawthorne Place, Section Eight (8), an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 31, Page 45 of the map records of Harris County, Texas.

12. The transfers of title leading to the Real Property being owned in the name of Defendant, Omar Torres and Defendant Casas are detailed in paragraphs 13-17.

13. On January 9, 2001, a Warranty Deed with Vendor's Lien was recorded with the County Clerk of Harris County, Texas, in which Defendant, Cesar Torres, "a married man", was conveyed the Real Property.

14. On January 9, 2001, EquiCredit Corp. recorded a Deed of Trust with the County Clerk of Harris County, Texas, against the Real Property to secure its interest in a $58,710 loan to Taxpayer, Cesar Torres and Taxpayer Santos.

15. On February 17, 2005, First Franklin, a Division of National City Bank of Indiana, recorded a Deed of Trust recorded with the County Clerk of Harris County, Texas, against the Real Property to secure its interest in a $62,500 loan to Taxpayer, Cesar Torres and Taxpayer Santos.

16. On September 8, 2014, the Internal Revenue Service recorded a Notice of Federal Tax Lien against Taxpayer, Cesar Torres and Taxpayer Santos for income tax liabilities for the tax year 2008. On September 8, 2014, the Internal Revenue Service recorded a Notice of Federal Tax Lien against Taxpayer, Cesar Torres for the tax year 2009.

17. On December 15, 2015, by General Warranty Deed recorded with the County Clerk of Harris County, Texas, Taxpayer Cesar Torres and Taxpayer Santos transferred the Real Property to Defendant, Omar Torres and Defendant Casas.

**COUNT 1**
**Judgment against Taxpayer Cesar Torres and Taxpayer Santos for Tax Liabilities**

18. On the following dates, a delegate of the Secretary of the Treasury made joint assessments against Taxpayer, Cesar Torres and Taxpayer Santos for federal income taxes and penalties for the tax year 2008 in the following amounts ("the Joint 2008 Income Tax Liabilities"), as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 11/30/2018 |
|---|---|---|---|---|
| 12/31/2008 | 05/17/2010 | Tax | $ 3,324.00 | |
| | 05/17/2010 | Late Filing | $ 297.90 | |
| | 05/17/2010 | Penalty | $ 92.68 | |
| | 05/28/2012 | Failure to Pay | $ 26,584.85 | |
| | 05/28/2012 | Penalty | $ 21,241.40 | |
| | 05/28/2012 | Late Filing Penalty | $104,207.00 | |
| | 12/17/2012 | IRC 6662 Accuracy | $ 8,032.81 | |
| | 12/23/2013 | Penalty | $ 12,504.84 | |
| | 12/22/2014 | Additional Tax Assessed | $ 6,252.42 | |
| | | Failure to Pay Penalty | | |
| | | Failure to Pay Penalty | | |
| | | Failure to Pay Penalty | | |
| Total | | | | $251,950.16 |

19.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Taxpayer, Cesar Torres for federal income taxes and penalties for the tax year 2009 in the following amounts ("Taxpayer, Cesar Torres' 2009 Income Tax Liabilities"), which have balances due with accruals and costs as of November 30, 2018, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 11/30/2018 |
|---|---|---|---|---|
| 12/31/2009 | 11/12/2012 | Additional Tax Assessed | $17,470.00 | |
| | 11/12/2012 | Estimated Tax Penalty | $ 418.27 | |
| | 11/12/2012 | Late Filing Penalty | $ 3,930.75 | |
| | 11/12/2012 | Failure to Pay Penalty | $ 2,707.85 | |
| | 12/23/2013 | Failure to Pay Penalty | $ 1,659.65 | |
| Total | | | | $34,877.33 |

20. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Joint 2008 Income Tax Liabilities and Taxpayer, Cesar Torres' 2009 Income Tax Liabilities to Taxpayer, Cesar Torres and Taxpayer Santos. After the application of statutory interest, penalties, other additions, abatements, payments, and credits, the Joint 2008 Income Tax Liabilities and Taxpayer, Cesar Torres' 2009 Income Tax Liabilities had a $286,827.49 unpaid balance due of as of November 30, 2018.

21. Despite notice and demand for payment, Taxpayer, Cesar Torres and Taxpayer Santos have failed, neglected, or refused to fully pay the Joint 2008 Income Tax Liabilities and Taxpayer, Cesar Torres' 2009 Income Tax Liabilities.

22. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Taxpayer, Cesar Torres and Taxpayer Santos are liable to the United States for the Joint 2008 Income Tax Liabilities in the amount of $251,950.16 as of November 30, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

23. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Taxpayer, Cesar Torres is liable to the United States for Taxpayer, Cesar Torres' 2009 Income Tax Liabilities in the amount of $34,877.33 as of November 30, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### COUNT 2
#### FRAUDULENT TRANSFER

24. Pursuant to 26 U.S.C. § 7402(a) and the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Taxpayer, Cesar Torres' and Taxpayer Santos' transfer of the Real Property to

Defendant, Omar Torres and Defendant Casas was fraudulent as to the United States and should be set aside under Tex. Bus. & Com. Code §§ 24.005 and 24.006.

25. Under Section 24.005(a)(1) of TUFTA, Taxpayer, Cesar Torres' and Taxpayer Santos' transfer of the Real Property to Defendant, Omar Torres and Defendant Casas ("the Transfer") was fraudulent as to the United States.

26. Taxpayer, Cesar Torres and Taxpayer Santos knew the unpaid tax liabilities were accruing before the Transfer was made, and they made the Transfer with actual intent to hinder, delay, or defraud the United States. Indeed, the IRS had filed the Notices of Federal Tax Lien for the Joint 2008 Income Tax Liabilities and Taxpayer, Cesar Torres' 2009 Income Tax Liabilities on September 8, 2014, well over a year before Taxpayer, Cesar Torres and Taxpayer Santos transferred the Real Property to Defendant, Omar Torres and Defendant Casas in December 2015.

27. Their actual intent is evidenced by several factors, including, the fact that their transfer of the Real Property was to insiders. Taxpayer, Cesar Torres is the brother of Defendant, Omar Torres and presumably the brother-in-law of Defendant Casas.

28. In addition, upon information and belief, the Transfer was of substantially all Taxpayer Cesar Torres' and Taxpayer Santos' assets, and Taxpayer, Cesar Torres and Taxpayer Santos were insolvent, or became insolvent, shortly after the Transfer was made.

29. Also, the value of the consideration received by Taxpayer, Cesar Torres and Taxpayer Santos was not reasonably equivalent to the value of the Real Property transferred.

30. Finally, the transfer occurred shortly before or shortly after a substantial debt was incurred.

31. Alternatively, under Section 24.005(a)(2) of TUFTA, the Transfer is fraudulent as to the United States, because Taxpayer, Cesar Torres and Taxpayer Santos made the Transfer while tax liabilities they owed to the United States had accrued, and continued to accrue, without receiving a reasonably equivalent value in exchange for the Transfer, and Taxpayer, Cesar Torres and Taxpayer Santos intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

32. The Transfer was also fraudulent as to the United States under Section 24.006(a) of TUFTA because Taxpayer, Cesar Torres and Taxpayer Santos owed the United States unpaid tax liabilities before the Transfer was made, the Transfer was made without receiving a reasonably equivalent value in exchange for the Transfer, and Taxpayer, Cesar Torres and Taxpayer Santos were insolvent at that time or became insolvent as a result of the Transfer.

33. Accordingly, pursuant to 26 U.S.C. § 7402(a) and TUFTA, Taxpayer Cesar Torres' and Taxpayer Santos' transfer of the Real Property to Defendant, Omar Torres and Defendant Casas was fraudulent as to the United States and should be set aside.

## COUNT 3
### Enforcement of Federal Tax Liens

34. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Taxpayer Cesar Torres and Taxpayer Santos to pay the Joint 2008 Income Tax Liabilities after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all property and rights to property belonging to, and thereafter acquired by, Taxpayer, Cesar Torres and Taxpayer Santos, including, the Real Property.

35. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Taxpayer, Cesar Torres to pay his 2009 Income Tax Liabilities after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all the property

and all the rights to the property belonging to, and thereafter acquired by, Taxpayer, Cesar Torres, including, the Real Property.

36. Additionally, the Internal Revenue Service publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) with the County Clerk of Harris County, Texas with regard to the tax liabilities described below, on the following dates:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| The Joint 2008 Income Tax Liabilities | 12/31/2008 | 09/08/2014 |
| Taxpayer Cesar Torres' 2009 Income Tax Liabilities | 12/31/2009 | 09/08/2014 |

37. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described in above against the Real Property and have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Real Property; second, to the Defendant, Harris County Tax Assessor-Collector to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to any party whose lien has priority over the United States' federal tax liens; fourth, to the United States to pay the tax liabilities described above; and, fifth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law.

**PRAYER**

WHEREFORE, the United States of America prays for a judgment determining:

A.      That Cesar De Leon Torres and Alma Rosa Hernandez Santos are jointly and severally liable to the United States for the Joint 2008 Income Tax Liabilities totaling $251,950.16, as of November 30, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B.      That Cesar De Leon Torres is liable to the United States for Taxpayer, Cesar Torres' 2009 Income Tax Liabilities totaling $34,877.33, as of November 30, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

C.      That pursuant to 26 U.S.C. § 7402(a) and TUFTA, Taxpayer, Cesar Torres' and Taxpayer Santos' transfer of the Real Property to Defendant, Omar Torres and Defendant Casas was fraudulent as to the United States and should be set aside;

D.      That the federal tax liens securing the liabilities described in this Complaint shall be enforced against the Real Property by ordering the sale of the entire Real Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with all the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Real Property; second, to the Defendant, Harris County Tax Assessor-Collector, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to any party whose lien has priority over the United States' federal tax liens; fourth, to the United States to pay the tax liabilities described above; and, fifth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law; and

E. That awards the United States such other and further relief as this Court deems just and proper, including, its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Holly M. Church
HOLLY M. CHURCH
Attorney, Tax Division
State Bar No. 24040691
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-2432
(214) 880-9742 (FAX)
Holly.M.Church@USDOJ.gov
ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

<u>Defendants</u>

Cesar De Leon Torres, Alma Rosa Hernandez Santos a/k/a Alma Rosa Hernandez Santos Torres, Omar De Leon Torres, Vereniss Salas Casas, First Franklin, a Division of National City Bank of Indiana, EquiCredit Corp. and Harris County Tax Assessor-Collector